Howard LARRY v.
GRADY SCHOOL DISTRICT

04-762                                                    207 S.W.3d 451

Supreme Court of Arkansas
Opinion delivered April 21, 2005

*Othello C. Cross*, for cross-appellant.

*Gibson Law Office*, by: *Chuck Gibson*, for appellee.

ROBERT L. BROWN, Justice. Appellant, Howard Larry, appeals from the circuit court's judgment ordering the

appellee, Grady School District (the District), to pay his attorney's fees stemming from his claim against the District under the Arkansas Teacher Fair Dismissal Act. His sole point on appeal is that the circuit court erred in failing to consider fully the factors for determining a proper award of attorney's fees as set forth by this court in *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990), and that the award of attorney's fees was insufficient and constituted an abuse of discretion. The court of appeals certified the case to this court after it discovered that the record in the instant case was filed more than ninety days after the first notice of appeal. Specifically, the court certified on the issue of the timeliness of Larry's appeal, which was a cross-appeal, and how that timeliness might be affected by a possibly-nullified first notice of appeal filed by the District. We dismiss Larry's appeal.

The pertinent facts are these. After Larry was granted summary judgment on the issue of the District's failure to comply with the Arkansas Teacher Fair Dismissal Act, the circuit court entered an order in which it found that Larry was terminated for cause. As a result, the court denied his request for reinstatement and monetary relief. The court did, however, award Larry minimal damages of $1.00 with reasonable attorney's fees to be determined at a later date. Larry appealed on the basis that the circuit court erred in denying his request for damages, and the court of appeals affirmed. *See Larry v. Grady Sch. Dist.*, 82 Ark. App. 185, 119 S.W.3d 528 (2003).

On October 10, 2003, the circuit court set down for hearing the issue of attorney's fees due to the prevailing party, Larry. At the hearing, counsel for Larry presented his basis for his request for attorney's fees in the amount of $15,725.00, which consisted of a $100.00 filing fee and 62.5 hours of work multiplied by an hourly rate of $250.00. He asserted that he had twenty-four years of legal experience, was co-counsel in one of the biggest civil-rights cases in history, and had previously served as a circuit judge and special judge. He further contended that he was being compensated by the federal court for his work in a case at a rate of $350.00 per hour plus an enhancer of $350.00, which totaled $700.00 per hour at that time. Counsel additionally averred that he had given up part of his workload in order to work on Larry's case.

On March 19, 2004, the circuit court filed a letter opinion in which it found that given the complexity and difficulty of the case, Larry's counsel's requested billing at $250.00 per hour was exces-

sive. The circuit court then found that $100.00 per hour was a more realistic rate of compensation and concluded that counsel for Larry was entitled to compensation for 62.5 hours of work at a rate of $100.00 per hour, plus his costs of $100.00. An order memorializing the circuit court's letter opinion was entered, which awarded Larry attorney's fees in the amount of $6,250.00 plus $100.00 for costs. On March 31, 2004, the District filed its notice of appeal from the award of attorney's fees, and on April 22, 2004, Larry filed his notice of cross-appeal. The record, however, was not timely filed by the District.[1] Instead, the record was lodged by Larry on July 9, 2004.

The question certified to this court by the court of appeals is whether Larry's filing of the only record in connection with his cross-appeal was timely. In its certification memo to this court, the court of appeals notes that the District's notice of appeal fails to comply with Arkansas Rule of Appellate Procedure – Civil 3 in three respects: (1) it fails to designate the order appealed from; (2) it fails to designate the contents of the record; and (3) it fails to include a statement that the appellant had ordered the transcript. The court of appeals further points out that in *Street v. Kurzinski*, 290 Ark. 155, 712 S.W.2d 798 (1986), this court held that where both parties file a notice of appeal, Rule 5 of the Arkansas Rules of Appellate Procedure – Civil requires that the record shall be filed with the Supreme Court Clerk within ninety days of the filing of the first notice of appeal. The court of appeals then poses the following questions requiring certification of the case: (1) if the District's notice of appeal was a nullity, do the ninety days begin to run from the filing of the notice of cross-appeal; and (2) if a party files a notice of cross-appeal, is he bound by the date that the other party filed its notice of appeal or does the cross-appellant benefit from a ninety-day period that begins to run on the date that the notice of cross-appeal was filed.

Our case of *Street v. Kurzinski, supra*, decides this matter irrespective of the validity of the first notice of appeal. Rule 3 of the Arkansas Rules of Appellate Procedure – Civil reads in pertinent part:

> A notice of appeal or cross-appeal shall specify the party or parties taking the appeal; shall designate the judgment, decree, order or

---

[1] The docket sheet reflects that this court denied the District's motion for rule on clerk on September 9, 2004.

part thereof appealed from and shall designate the contents of the record on appeal. The notice shall also contain a statement that the appellant has ordered the transcript, or specific portions thereof, if oral testimony or proceedings are designated, and has made any financial arrangements required by the court reporter pursuant to Ark. Code Ann. § 16-13-510(c). The notice shall also state whether the appeal is to the Court of Appeals, or to the Supreme Court[.] . . .

Ark. R. App. P. – Civ. 3(e) (2004). The District's notice of appeal filed March 31, 2004, contains the simple statement: "Notice is hereby given that Grady School District hereby appeals to the Arkansas Court of Appeals on the matter of plaintiff's attorneys fees." As the District's notice of appeal fails to designate the contents of the record on appeal and fails to contain any statement that it had ordered the transcript or made financial arrangements, it appears that the District's notice of appeal fails to comply with the requirements of Ark. R. App. P. – Civ. 3.

Nonetheless, this court has held that only substantial compliance is required with Ark. R. App. P. – Civ. 3(e). *See, e.g., Helton v. Jacobs*, 346 Ark. 344, 57 S.W.3d 180 (2001). That being said, we conclude that whether the District's notice of appeal substantially complies with Rule 3, or whether it is a nullity, does not decide the issue before us.

Rule 5 of the Arkansas Rules of Appellate Procedure – Civil provides:

(a) *When filed.* The record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days *from the filing of the first notice of appeal,* unless the time is extended by order of the circuit court as hereinafter provided. When, however, an appeal is taken from an interlocutory order under Rule 2(a)(6) or (7), the record must be filed with the clerk of the Supreme Court within thirty (30) days from the entry of such order.

Ark. R. App. P. – Civ. 5(a) (2004) (emphasis added). As noted by the court of appeals, this court has already determined that such a deadline applies regardless of whether both parties file a notice of appeal, or whether one party files more than one notice of appeal. *See Street v. Kurzinski, supra.*

In *Street*, the appellant sought a motion for rule on clerk. Following the entry of a final judgment in Street's favor and against Kurzinski, which judgment recited an earlier dismissal of Street's claim against American Machine Builders, Street promptly filed a notice of appeal. One day after Street's filing of his notice of appeal, the circuit court entered an order setting a hearing on Kurzinski's motions for a new trial and for judgment n.o.v. Following the court's order denying those motions, Street filed a second notice of appeal. In concluding that the ninety days in which to file the record began from the filing of the first notice of appeal, this court observed:

> Rule 5 of the Rules of Appellate Procedure provides that the record shall be filed with our clerk "within ninety days from the filing of the first notice of appeal," or an extension of time must be obtained within the 90 days. *The reference to the "first" notice of appeal removes any possible doubt when both parties file notices of appeal or when one party files notices of appeal from different orders.* Here the 90 days began to run from the filing of the first notice of appeal on January 28, not only because of the wording of the statute but also because the filing of the second notice was manifestly superfluous.

*Street v. Kurzinski*, 290 Ark. at 157, 717 S.W.2d at 799–800 (emphasis added).

While *Street* did not involve the precise situation in which both parties filed notices of appeal, our analysis in that case is applicable to the case at hand and is entirely reasonable. Always requiring a record to be filed within ninety days of the *first* notice of appeal from a final judgment has the beauty of uniformity and eliminates any possibility of confusion for the parties. Moreover, the ninety-day rule does not impose an additional burden on a cross-appellant. A cross-appellant would not be called upon to decide whether the appellant's first notice of appeal was a nullity and then decide whether to file a record. Rather, counsel for cross-appellant could simply monitor the docket and, upon discovering that appellant was nearing the deadline and had failed to file a record, move the circuit court to extend the time in which to file the record so that a record could be filed on his or her behalf.

Ninety days from March 31, 2004, the date of the District's first notice of appeal, was June 29, 2004. Larry lodged the record with the clerk on July 9, 2004. Because the record was not

filed within ninety days from the filing of the first notice of appeal in accordance with Ark. R. App. P. – Civ. 5, Larry's appeal is untimely and must be dismissed.

Appeal dismissed.