Jennifer CONLEE *v.* Lade Thomas CONLEE, Jr.

05-991                                                    235 S.W.3d 515

Supreme Court of Arkansas
Opinion delivered May 11, 2006

*Shepherd & Allred,* by: *Allison R. Allred,* for appellant.

*Dodds, Kidd & Ryan,* by: *Stephanie Chamberlin* and *Judson C. Kidd,* for appellee.

JIM GUNTER, Justice. This appeal arises from an order from the Pulaski County Circuit Court, granting an extension of time for filing the record filed by appellee, Lade Thomas Conlee, Jr. ("Tom"). Appellant Jennifer Conlee ("Jennifer"), Tom's former wife, appeals the circuit court's ruling and argues that more than ninety days had passed since the filing of the first notice of appeal under Ark. R. App. P.–Civ. 5. We agree, and we reverse and dismiss.

Attorney John Myers was retained by Tom in a divorce action filed by Jennifer on May 26, 2004. On March 8, 2005, after a bench trial was held, a decree of divorce was entered awarding

Jennifer an absolute divorce from Tom. Myers later performed posttrial services for Tom, filing two responses to a petition concerning the couple's assets, two affidavits, and a motion to rescind a pickup order and body attachment.

On March 18, 2005, Myers also filed a notice of appeal, appealing the divorce decree entered on March 8, 2005. In the notice of appeal, Myers represented that "[a]ppellant has ordered the record from the court and the foregoing parts of the transcript from the court reporter of the proceedings of this case, and the appellant has made financial arrangements as required by the court reporter pursuant to Ark. Code Ann. § 16-13-510(c)."

On March 25, 2005, Tom retained Stephanie Chamberlin of the law firm of Dodds, Kidd, and Ryan to perform all posttrial services. That same day, Chamberlin filed a notice of appeal on Tom's behalf and made arrangements with Sheila Russell, the court reporter, to compile the record. Neither Chamberlin nor Russell knew that Myers filed a notice of appeal on March 18, 2005. On March 30, 2005, Jennifer's counsel sent a letter to Chamberlin, stating that two notices of appeal had been filed. Chamberlin waited for the record to be prepared by June 22, 2005. An order relieving Myers as attorney of record was filed on April 28, 2005. In the motion to be relieved, Myers did not ask the court to dismiss his notice of appeal.

Russell contacted Chamberlin on June 20, 2005, and informed her that she would not be able to complete the record by June 22, 2005, due to the volume of the record. On that same day, June 20, 2005, Jennifer's counsel sent a letter to Chamberlin, suggesting that the time to file the record was four days earlier on June 16, 2005. Subsequently, Chamberlin filed a motion for declaratory judgment and a motion to extend time for filing the transcript. In that motion, Chamberlin requested the circuit court to find the March 18, 2005, notice of appeal invalid on the basis that (1) Myers did not have the authority to file the March 18 notice of appeal, and (2) Myers failed to order the transcripts and to make financial arrangements with the court reporter as required by Ark. Code Ann. § 16-13-510(c) (Repl. 1999).

On June 22, 2005, the circuit court held a hearing on Tom's motion for declaratory judgment and motion to extend time for filing a transcript. At the hearing, Myers testified that he filed the March 18 notice of appeal, but that he did not have specific authority to file the notice of appeal. He further testified that he

did not specifically recall that he made specific arrangements with the court reporter to purchase the transcript and pay for the transcript for appellate purposes. At the conclusion of the hearing, Jennifer's counsel, citing Rule 5 of the Arkansas Rules of Appellate Procedure, argued that the trial court lost jurisdiction when the ninety-day period expired on June 16, 2005.

The circuit court granted the extension of time and entered an order with the following findings:

> 1. The notice of appeal filed by John Myers on March 18, 2005, was unauthorized by the defendant and failed to comply with Ark. Code Ann. § 16-13-510(c) in that Mr. Myers never ordered the transcript of the hearings in this matter nor did he arrange for payment for same with Ms. Sheila Russell, court reporter.
>
> 2. The notice of appeal filed by Stephanie Chamberlin on March 25, 2005, was timely filed and is hereby considered to be the only valid notice of appeal in this matter.

The order was entered on June 23, 2005.

The record was tendered to our court on June 29, 2005, but our clerk refused to lodge the record, stating that the record was due on June 16, 2005, which was ninety days after Myers filed the first notice of appeal. On July 15, 2005, Jennifer filed a notice of appeal, appealing the order filed on June 23, 2005, granting Tom's motion for declaratory judgment and motion to extend time for filing the transcript for purposes of appeal.

From this order, Jennifer now brings her appeal. When reviewing a judgment entered by a circuit judge after a bench trial, we will not reverse unless we determine that the circuit judge erred as a matter of law or we decide that his findings are clearly against the preponderance of the evidence. *Anderson v. Stewart*, 366 Ark. 203, 234 S.W.3d 295 (2006).

For her sole point on appeal, Jennifer argues that the circuit court erred in granting Tom's motion for declaratory judgment and motion to extend time for filing the transcript when more than ninety days had expired since the first notice of appeal was filed on March 18, 2005. Specifically, Jennifer contends that Arkansas Rule Appellate Procedure–Civil 5 controls.

In response, Tom argues that the circuit court properly extended the time to lodge the record because the March 18, 2005, notice of appeal is invalid. Specifically, Tom contends that Myers

did not have the authority to file the notice of appeal. Tom asserts that the appeal should not be dismissed and that the record should be accepted by our clerk because extraordinary circumstances exist that excuse the "minor delay" in lodging the record on appeal.

The threshold issue in this case is whether the circuit court had jurisdiction to consider the second notice of appeal. Rule 5 of the Arkansas Rules of Appellate Procedure–Civil provides in pertinent part:

> (a) When filed. The record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days *from the filing of the first notice of appeal*, unless the time is extended by order of the circuit court as hereinafter provided. When, however, an appeal is taken from an interlocutory order under Rule 2(a)(6) or (7), the record must be filed with the clerk of the Supreme Court within thirty (30) days from the entry of such order.
>
> (b) Extension of time.
>
> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings ... [.]

*Id.* (emphasis added).

The ninety days contemplated by Rule 5 begins to run from the filing of the first notice of appeal. *Street v. Kurzinski*, 290 Ark. 155, 717 S.W.2d 798 (1986). We have determined that such a deadline applies regardless of whether both parties file a notice of appeal, or whether one party files more than one notice of appeal. *Larry v. Grady School Dist.*, 362 Ark. 65, 207 S.W.3d 451 (2005) (citing *Kurzinski, supra*). If a party fails to file the record within the ninety-day period provided under Rule 5(a), the party's appeal is dismissed. *Seay v. Wildlife Farms, Inc.*, 342 Ark. 503, 29 S.W.3d 711 (2000). We have stated on many occasions that we expect compliance with our rules so that unnecessary delays will be eliminated. *Id.*

■ Jennifer raises the argument that the circuit court did not have jurisdiction to dismiss the first notice of appeal. We have held that the timely filing of the record on appeal is a jurisdictional

requirement to perfecting an appeal. *See Hickson v. Arkansas Dep't of Human Servs.*, 357 Ark. 577, 182 S.W.3d 483 (2004) *(per curiam)*. Here, Tom filed two notices of appeal, albeit by different counsel. Myers appealed the circuit court's March 8, 2005, order by timely filing Tom's notice of appeal on March 18, 2005. Chamberlin then filed a second notice of appeal on March 25, 2005. The circuit court did not hold a hearing on the matter until June 22, 2005, and the record was not filed until June 29, 2005. Under Rule 5(a), the record was due on June 16, 2005, which was ninety days after Myers filed the first notice of appeal. Under Rule 5(a), the ninety-day period expired before the circuit court held the hearing on Tom's motion and before the record was filed with our court. Additionally, Tom's motion for declaratory judgment and motion to extend the time for filing the record was not filed until June 22, 2005, after the ninety-day period expired on June 16, 2005. Moreover, the circuit court did not order an extension of time before the expiration of the time prescribed by subdivision (a). *See* Ark. R. App. P.–Civ. 5(b)(1). Thus, we conclude that the circuit court lacked jurisdiction when it conducted the hearing on Tom's motion. Based upon the foregoing reasons, as well as our standard of review, we hold that the circuit court erred as a matter of law. Accordingly, we reverse the circuit court's rulings and dismiss the appeal.

Reversed and dismissed.