Lade Thomas CONLEE, Jr.  *v.*  Jennifer CONLEE

05-743                                                    235 S.W.3d 899

Supreme Court of Arkansas
Opinion delivered May 18, 2006

*Dodds, Kidd & Ryan*, by: *Stephanie Chamberlin*, for appellant.

*Shepherd & Allred*, by: *Allison R. Allred*, for appellee.

PER CURIAM. On March 17, 2006, appellee, Jennifer Conlee ("Jennifer"), filed a motion to dismiss the third and fourth notices of appeal filed by appellant, Lade Thomas Conlee, Jr. ("Tom"). Jennifer requests that we grant her motion and asks that we dismiss the two notices of appeal dated September 7, 2005, and September 16, 2005, respectively.

A full recitation of the facts in this case is provided in *Conlee v. Conlee*, 366 Ark. 342, 235 S.W.3d 515 (2006). On March 8, 2005, the circuit court entered a divorce decree, and on March 18, 2005, Tom filed a notice of appeal. On March 25, 2005, Tom,

who retained another attorney, filed a second notice of appeal. The circuit court invalidated the first notice of appeal and ruled that the second notice of appeal was timely. On June 29, 2005, Tom filed the record, but our clerk refused to lodge the record, stating that the record was due on June 16, 2005. We reversed and dismissed the circuit court's ruling, holding that the record should have been filed by June 16, 2005, within ninety days of the first notice of appeal under Rule 5(a). *Id.* On July 6, 2005, Tom filed a motion for rule on clerk, which we denied on May 11, 2006.

The parties continued to litigate post-decree issues. Tom filed a third notice of appeal on September 7, 2005, appealing a September 2, 2005 contempt order and "any other contempt orders filed prior to September 2, 2005." There were two September 2, 2005 orders. In the first September 2, 2005 order, filed at 9:05 a.m., the circuit court ordered and directed Tom to appear at a show-cause hearing, and the circuit court stated that Tom "agreed to tender a check for the sum of $11,640.62 . . . representing partial payment for certain obligations" as set forth in the divorce decree. In the second September 2, 2005 order, filed at 4:31 p.m., the circuit court ruled that Tom was in contempt of court and ordered him to be incarcerated for a period of seven days.

On September 16, 2005, Tom filed an amended notice of appeal, his fourth notice of appeal, which appealed an order of clarification entered on September 8, 2005. In the September 8, 2005, order of clarification, the circuit court denied Tom's motion to rescind pick up order and body attachment and found that he had failed to comply with three conditions in the divorce decree. The circuit court reduced his sentence to seven days rather than the fourteen days ordered in the divorce decree. The court reserved ruling on Jennifer's motion for contempt and ordered Tom to sell his vehicle.

On November 30, 2005, Tom sought an order granting an extension of time to file the record, and on December 1, 2005, the circuit court extended the time to January 31, 2006. Tom tendered a supplemental record on January 31, 2006. On February 3, 2006, he filed a motion for stay and a motion to supplement the record, as well as a motion to correct the supplemental record, and we denied both motions by letter order on February 23, 2006.

In the present case, Tom's third and fourth notices of appeal were timely filed within the thirty days of the September 2 and

September 8 orders, as required under Ark. R. App. P.–Civ. 4(a). Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil provides that a notice of appeal or cross-appeal "shall designate the judgment, decree, order or part thereof appealed from . . . [.]" *Id.* Orders not mentioned in a notice of appeal are not properly before the appellate court. Ark. R. App. P. – Civ. 3(e); *see also Aka v. Jefferson Hosp. Ass'n, Inc.,* 69 Ark. App. 395, 13 S.W.3d 224 (2000); *Ark. Dep't of Human Servs. v. Shipman,* 25 Ark. App. 247, 756 S.W.2d 930 (1988).

Here, the third notice of appeal designates the case number, "DR 2004-2590, together with the transcript of all proceedings held on September 2, 2005," and "any other contempt hearings filed prior to September 2, 2005." There were two orders entered on September 2, 2005; however, the language designating "all proceedings held on September 2, 2005" is sufficient to include both September 2 orders. *See Jasper v. Johnny's Pizza,* 305 Ark. 318, 807 S.W.2d 664 (1991). Further, Tom timely filed his amended, or fourth, notice of appeal and appeals the order of clarification entered on September 8, 2005, pursuant to Ark. R. Civ. P.–Civ. 3(e). The September 8, 2005 order contains rulings that relate back to the divorce decree, as well as post-decree rulings.

Jennifer argues that the record is not timely filed. From the third notice of appeal, the record would have been due on December 6, 2005. On December 1, 2005, the circuit court entered an order extending the time to file the record to January 31, 2006, and the supplemental record was tendered on that date. While the record indicated that the contempt matter began as early as February 8, 2005, prior to the divorce decree, the timeliness of the appeal was not raised in Jennifer's motion.

We conclude that Tom timely appealed the post-decree issues presented in the September 2, 2005, and September 8, 2005 orders. Matters settled in the March 8, 2005 divorce decree may not be the subject of the appeal in this case. *See Conlee, supra.* Thus, Jennifer's motion is denied with directions to the parties that the March 8 divorce decree may not be disturbed except to enforce its terms.

Motion denied.