Andrea Dawn HENLEY *v.* Mark B. MEDLOCK

CA 06-418 244 S.W.3d 16

Court of Appeals of Arkansas
Opinion delivered November 29, 2006

[Rehearing denied January 24, 2007.]

---

*The Blagg Law Firm*, by: *Ralph Blagg*, for appellant.

*Annie Powell*, for appellee.

TERRY CRABTREE, Judge. Appellant Andrea Henley appeals the decision of the Sebastian County Circuit Court changing the custody of her two children to their father, appellee Mark Medlock. She argues on appeal that the trial court erred in granting appellee's motion to change custody solely on the stated preferences of the children. We agree and reverse.

In response to appellant's appeal, appellee asserts that this court is without jurisdiction to review, because the notice of appeal failed to properly designate the judgment, decree, or order appealed from as required by Rule 3(e) of the Arkansas Rules of Appellate Procedure. Rule 3(e) provides in pertinent part that the notice of appeal "shall designate the judgment, decree, order or

part thereof appealed from and shall designate the contents of the record on appeal." The final hearing in this case was held on December 6, 2005, and the judge announced his ruling from the bench. The order memorializing the court's ruling was entered December 21, 2005, and appellant filed a notice of appeal on January 19, 2006, within the thirty-day limitation period. Appellant's notice of appeal contained the following:

> Notice is hereby given that Andrea Dawn Henley, Defendant, by and through her attorney, Ralph J. Blagg appeal[s] to the Court of Appeals of Arkansas from the Order entered in favor of Mark B. Medlock, Plaintiff, against her by the Circuit Court of Sebastian County, Arkansas in this cause on December 6, 2005.

> Defendant hereby designates the entire record which includes the Order filed of record on December 21, 2005, the pleadings, the transcript, and all exhibits introduced at the hearing for this case.

> The transcript has been ordered from the Court Reporter, Ronda Brown, whose address is 5th Floor, 523 Garrison Ave, Fort Smith, Arkansas 72901, recorder of the proceedings and the record has been ordered from the clerk.

> Defendant states that financial arrangements have been made to pay for the cost of the transcript with the Court Reporter, Ronda Brown.

It is appellee's assertion that because the notice of appeal references the hearing date of December 6 as the date of the order rather than December 21, the date the order was entered, that the notice of appeal does not identify the order that is appealed with specificity as required by the Arkansas Rules of Appellate Procedure, and therefore, we are without jurisdiction to review. We disagree. Our supreme court has held that the failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *Reynolds v. Spotts*, 286 Ark. 335, 692 S.W.2d 748 (1985). However, because appellant filed a timely notice, we find that the error contained in the notice of appeal is not fatal to the appeal. We addressed a similar issue in *Farm Bureau Mutual Insurance Co. of Arkansas, Inc. v. Sudrick*, 49 Ark. App. 84 n.1, 896 S.W.2d 452 n.1 (1995) where we noted:

> The notice of appeal states that appellant appeals from a judgment "entered on August 4, 1993." Actually no judgment was entered on that date. The only judgment by which appellant was aggrieved

was the September 23 judgment, and every argument appellant makes on appeal is directed at the September 23 judg- ment. Under these circumstances, we do not think that appellant's failure to designate the September 23 judgment in its notice of appeal is fatal to its appeal of that judgment. *See Jasper v. Johnny's Pizza*, 305 Ark. 318, 807 S.W.2d 664 (1991).

Although appellant's notice of appeal references the hearing date, it also clearly includes the order "filed of record on December 21, 2005." As we did in *Sudrick*, we find that appellant's error is not fatal to the appeal.

In child-custody cases, we review the evidence de novo, but we do not reverse the findings of the trial court unless it is shown that they are clearly contrary to the preponderance of the evidence. *Durham v. Durham*, 82 Ark. App. 562, 120 S.W.3d 129 (2003). A finding is clearly against the preponderance of the evidence, when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Hollinger v. Hollinger*, 65 Ark. App. 110, 986 S.W.2d 105 (1999). The original decree is a final adjudication that one parent or the other was the proper person to have care and custody of the children. *Carver v. May*, 81 Ark. App. 292, 101 S.W.3d 256 (2003). In order to promote stability and continuity in the life of the child, and to discourage repeated litigation of the same issues, modifications in custody require a more stringent standard than that of the original custody determination. *Lloyd v. Butts*, 343 Ark. 620, 37 S.W.3d 603 (2001). For a change of custody, the trial court must first determine that a material change in circumstances has occurred since the last order of custody; if that threshold requirement is met, it must then determine who should have custody with the sole consideration being the best interest of the children. *Tipton v. Aaron*, 87 Ark. App. 1, 185 S.W.3d 142 (2004) (citing *Schwarz v. Moody*, 55 Ark. App. 6, 928 S.W.2d 800 (1996)).

The parties were married on September 26, 1994, and they divorced on December 10, 1999. Born of the marriage were two children: "Ro.," a daughter born May 2, 1995, and "Re.," a son born August 6, 1998. The divorce decree recites that the parties agreed for custody to be awarded to appellant subject to reasonable visitation by Mr. Medlock. In 2005, appellant married Joshua Henley. Mr. Henley has four sons from a prior marriage of whom he has custody. The new family, consisting of appellant, Mr.

Henley and the six children, moved to Leslie, Arkansas, into a house owned by Mr. Henley's mother. The house needed extensive repairs, so appellant and Mr. Henley began the process of restoration while living in the home. Appellee remarried and his wife has custody of her sixteen-year-old daughter. Appellee filed a motion to modify on August 17, 2005, seeking custody of Ro. and Re. A temporary hearing was held September 8, 2005, and the final hearing was held December 6, 2005.

Both children testified that they wanted to live with their father. Ro., who was ten-and-a-half at the time of the final hearing, testified that she gets along well with her stepbrothers, her stepfather, and her mother. She confirmed that she is doing well in school in Leslie, and that she has made friends. She said if she lived with her father, she would be able to talk with her stepsister any time and that her dad told her she would be able to take guitar lessons if she lived with him. Although she had been enrolled in tumbling lessons in Leslie, she said that her mother told her she was not going to continue paying for them because going to court was expensive. Ro. testified that she felt that because she wanted to live with her dad, she was being blamed for the financial hardship of going to court. Ro. said that she now has her own bedroom at her mother's house.

Re., who was seven, also testified at the hearing. Although he told the court at the temporary hearing that he wanted to live with his mother, he testified at the final hearing that he wanted to live with his father. When asked why he wanted to live with his father, he said he did not know. He told the court he gets along well with his stepfather, stepbrothers, and mother. Re. said that he likes his school and his teacher and is a straight-A student. Re. testified that he is "not unhappy with anybody." He shares a bedroom with one of his stepbrothers at his mother's house, and he has his own bedroom at his father's house.

At the close of the hearing the court stated in part:

> Well, this is a strange case; strange in the sense that I think the kids are well off either place. I wish you all could stop your squabbling. What I'm asked to do today is decide where these children are going to live. And we had a temporary hearing on the thing, and I determined that there had been no change of circumstance. And the children were too young to — to express a preference. Well, I found a law that says that's wrong; that I can. If I feel that the children are of a sufficient maturity to state a preference, that I can

certainly consider that as a change of circumstance. They have.
Now, they did at the temporary, and they did again today. And
they've told me that in here. Not that — that's what they've told
both of you, so I'm not — there's not any confidence that I'm
breaching here. But they have and have remained steadfast in that.
And the children are mature beyond their age. [Ro.], 10 ½, in her
conversations, she could pass for 15 without any problem whatso-
ever. She's a very mature, very bright young lady. [Re.] is quite
proud of being — having all "A's." He didn't tell me that he had a
"B" now, but he was quite proud of that. So what I'm going to do
is I am going to change custody because of the — of their
request. That is the sole reason. They're not mistreated. They're
not — not uncared for in any way at their — at their mom's
house. The pictures I have seen, the outside looks a little rough, but
what I've seen of the inside, looks, you know, looks okay. And I've
— I've lived in some about as bad or worse than that, so it's not a
problem. That's not — that's not an issue. And it's not an issue that
it's Leslie and Fort Smith, although they do think they had a few
more opportunities available to them and different programs.
Maybe so. But that's an excellent school district, has been, as Mr.
Henley has pointed out, for sometime, and I know that. So it's
based purely on their — on their request and based on their
maturity. . . .

This is one of the things that I'm not too sure the legislature
considered when they did what they did. But I'm — and I always
consider the best interest of the child, and that's — and I am
considering the best interest of the child. If they've got a deep-
seeded desire to go live with the other part [sic], then we ought to
honor that. . . .

And as I've indicated when I started out, what I'm — what I've
done today isn't because anybody has done anything wrong. I
think everybody has done the best they can possibly do and have
done good with these kids.

Appellee asserts that pursuant to Ark. Code Ann. § 9-13-
101(a)(1)(A)(ii) (Supp. 2005), as amended by Act 80 of 2005, the
court may base a change of custody solely on the preference of the
children, and that cases otherwise holding have now been statu-
torily overruled. Appellee and the trial court misconstrue the law.
Arkansas Code Annotated § 9-13-101(a)(1)(A)(ii) allows that in
"determining the *best interest* of the child, the court may consider
the preferences of the child if the child is of a sufficient age and

capacity to reason, regardless of chronological age." It is true that the statute permits the court to consider the preferences of the child when making a determination regarding the child's best interest, but the court must first determine the threshold requirement of whether a material change in the circumstances of the parties has occurred since the last order of custody. *Tipton, supra.*

■ In the case at bar, the trial court specifically announced that at the time of the temporary hearing it did not find a change of circumstances. The court went on to address specific conditions that might be viewed as changed circumstances, such as the condition of appellant's home, the treatment of the children, and opportunities available in Ft. Smith that are not available in Leslie, and found that those factors were not problematic issues in this case. Our standard of review mandates that we defer to the superior position of the trial court to resolve the question of the preponderance of the evidence, because those questions turn largely on the credibility of the witnesses. *Hollinger, supra.* The court found there was no material change in circumstances, and that issue has not been appealed. While this court is not favorably impressed by appellant's unemployment and reliance on public assistance as an alternative to working, absent a finding that there has been a material change in circumstances since the entry of the last custody order, it was not appropriate for the trial court to change custody. Such a holding would not promote continuity and stability in the life of a child, but rather would allow changes in custody any time a child decided to live with the other parent. We are not unmindful that the children in this action have now been living with their father for several months, yet because there was not a finding of a material change in circumstances as of the date of the final hearing in this matter, we are compelled to reverse.

Reversed.

ROBBINS and NEAL, JJ., agree.