

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–13–457

| | |
|---|---|
| KENT SMITH, D.V.M., Individually and d/b/a PERRY VET SERVICES<br>APPELLANT<br><br>V.<br><br>KIMBERLY V. FREEMAN and ARMISTEAD COUNCIL FREEMAN, JR.<br>APPELLEES | **Opinion Delivered** October 22, 2014<br><br>APPEAL FROM THE PERRY COUNTY CIRCUIT COURT [NO. CV-2010-18]<br><br>HONORABLE ALICE S. GRAY, JUDGE<br><br>MOTION TO DISMISS GRANTED; APPEAL DISMISSED |

## RHONDA K. WOOD, Judge

This case developed out of protracted litigation concerning the return of personal property. Appellant, Kent Smith, who was unsuccessful in his arguments to the circuit court, filed two notices of appeal. Appellees have moved to dismiss the appeal, arguing that the notices do not comply with Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil. We agree and dismiss the appeal.

The circuit court entered an order enforcing a settlement agreement between appellant and appellees on January 5, 2012. This order purported to end the litigation between the parties and dismissed all claims with prejudice. But the dispute continued. On January 13, 2012, appellant filed a motion for reconsideration (citing Ark. R. Civ. P. 59(a) and 60(a)). On March 27, 2012, the court conducted a hearing on this motion. And by an order file-marked April 18, 2012, the court denied appellant's motion.



This order did not settle the dispute either. Appellees filed a motion for contempt against appellant. In addition, appellant, now acting pro se, filed a motion to vacate the court's April 2012 order. Then, in May 2012, appellant filed a motion for sanctions against appellees for malicious prosecution and perjury, a motion to compel, and a motion for injunction against appellees for harassment. Before any of these motions were ruled on, appellant filed a notice of appeal on June 25, 2012. The notice requested "the above cited case be appealed to the Arkansas Court of Appeals and designate [sic] the record and any and all pleadings to the case for the appeal."

The court heard all outstanding motions, and by an order file-marked January 31, 2013, the court found appellant in contempt of court and denied all of his motions. Appellant then filed a second notice of appeal on February 28, 2013. The language in this notice was similar to the June 2012 notice and stated that appellant "requests the case cited above be appealed to the Arkansas Court of Appeals and the court record be prepared and designated for their [*sic*] use."

Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil governs the requirements of a notice of appeal. The rule provides, in pertinent part, that a notice of appeal shall state: (1) the party appealing; (2) the judgment, decree, order or part thereof appealed; (3) the specific contents of the record on appeal; (4) that the appellant has ordered the transcript and made financial arrangements with the court reporter; (5) whether the appeal is to the Court of Appeals or to the Supreme Court; and (6) that the appealing party abandons any pending but unresolved claim. We require substantial compliance with Rule

SLIP OPINION

3(e). *Rogers v. Tudor Ins. Co.*, 325 Ark. 226, 925 S.W.2d 395 (1996). Here, neither of appellant's notices of appeal substantially complies with Rule 3(e).

First, the June 2012 notice of appeal does not state which order it is appealing from. At that point, the two substantive orders were the January 2012 order enforcing the settlement agreement and the April 2012 order denying the motion to reconsider. It is not readily apparent which of these two appellant is appealing. Second, the February 2013 notice of appeal does not state which order it is appealing from. It could be the January 2013 order denying appellant's motions and finding him in contempt, or it could be the other two orders listed above.

Normally, where an appellant attempts to designate the order and simply misidentifies the order by date, our courts will find substantial compliance. *Callaway v. Abshure*, 2013 Ark. App. 21. The present situation, however, does not involve accidental inaccuracy. Appellant made no attempt to designate the order appealed. He merely requested "the case cited above be appealed." Such an omission forecloses the possibility of substantial compliance with Rule 3(e). *Id.* These deficiencies in appellant's notices of appeal prevent us from establishing whether appellant's appeal is timely and, accordingly, whether we have jurisdiction. A notice of appeal must be filed within 30 days from the order appealed from. Ark. R. App. P.–Civ. 4(a). The timely filing of a notice of appeal is a jurisdictional requirement. *Stacks v. Marks*, 354 Ark. 594, 127 S.W.3d 483 (2003).

Appellant's points on appeal range from arguments regarding the contempt order, to arguments regarding the settlement agreement.[1] Some of these arguments, therefore, could be improper because no notice of appeal was filed from the January 2012 order enforcing the settlement agreement until June 2012. Even taking into account the extension of the time to file the notice of appeal under Ark. R. App. P.–Civ. 4(b), this notice would be untimely. But again, we do not know whether appellant has appealed from the January order, or any other orders, because he failed to substantially comply with Ark. R. App. P.–Civ. 3(e).

Therefore, because appellant's notice of appeal failed to substantially comply with Ark. R. App. P.–Civ. 3(e), we grant appellees' motion to dismiss the appeal.

Motion to dismiss granted; appeal dismissed.

BROWN, J., agrees.

GLADWIN, C.J., concurs.

**ROBERT J. GLADWIN, Chief Judge, concurring.** I concur with the majority because I agree that this appeal should be dismissed. However, I would not dismiss this case relying on Rule 3 of the Arkansas Rules of Appellate Procedure–Civil, but would instead rely on Rule 5.

The "Order and Judgment," filed January 31, 2013, states,

> On September 5, 2012, this Court heard arguments concerning five motions: (1) Plaintiffs' Amended Motion for Contempt, (2) Defendant's Motion to Vacate the Order and for the Judge to Recuse, (3) Defendant's Motion for Contempt, (4)

---

[1]We also point out that appellant failed to cite any legal authority for his first four points on appeal, which further prevents any review on the merits. As the Arkansas Supreme Court explained, we "will not do [appellant's] research" and "will affirm when the appellant's argument is neither supported by legal authority nor apparent without further research." *Hopper v. Garner*, 328 Ark. 516, 524, 944 S.W.2d 540, 544 (1997).



Defendant's Motion for Injunction Against the Plaintiffs for Harassment, and (5) Defendant's Motion for Sanctions Against Plaintiffs for Malicious Prosecution and Perjury. This court also heard arguments concerning Defendant's Notice of Appeal.

Thereafter, the order addresses each motion, ultimately finding in favor of appellees and granting their motion to dismiss a June 25, 2012 notice of appeal that did not include a reference to any order or hearing.

Appellant's notice of appeal filed February 28, 2013, states in its entirety as follows:

Now, comes the Defendant, Kent Smith, who requests the case cited above be appealed to the Arkansas Court of Appeals and the court record be prepared and designated for their use. The Defendant will request a transcript of the September 5, 2012 hearing from the Court Reporter.

Appellees contend in their motion to dismiss that the notice of appeal filed February 28, 2013, did not provide proper notice in accordance with Rule 3(e) by failing to designate the judgment, decree, or order or part thereof appealed from; failing to designate the contents of the record on appeal; and failing to make the required statement that he had ordered the transcript and made financial arrangements with the court reporter. Ark. R. App. P.–Civ. 3(e)(ii), (iii), (iv). Appellees contend that these deficiencies are fatal to the appeal, requiring this court to dismiss.

While the filing of a notice of appeal is jurisdictional, our supreme court has required only substantial compliance with the procedural steps set forth in Rule 3(e), *Duncan v. Duncan*, 2009 Ark. 565, at 4, provided that the appellee has not been prejudiced by the failure to comply strictly with the rule. *Rogers v. Tudor Ins. Co.*, 325 Ark. 226, 925 S.W.2d 395 (1996). In *Henley v. Medlock*, 97 Ark. App. 45, 244 S.W.3d 16 (2006), this court addressed the sufficiency of a notice of appeal that referenced the hearing date rather



than the date of the order. We disagreed with the argument that the notice did not identify the order appealed with specificity as required by our rules. *Henley* at 47, 244 S.W.3d at 18. We held that because a timely notice of appeal had been filed, the error contained in the notice was not fatal to the appeal. *Id*.

Here, appellees did not prove that they were prejudiced by appellant's failure to properly cite the order when the hearing date referenced resulted in the order from which appellant filed a timely notice of appeal. Further, the entire record was designated in the notice of appeal. While I agree that appellant's notice of appeal failed to comply with the specificity outlined in Rule 3, I believe that appellees failed to prove they were prejudiced by the notice's inadequacies.

Rule 5 of the Arkansas Rules of Appellate Procedure–Civil pertains to the record on appeal. Rule 5(a) provides that the record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within ninety days from the filing of the first notice of appeal, unless the time is extended by order of the circuit court. Appellees contend in their motion to dismiss that the appeal was not perfected because it was not filed within ninety days from the filing of the notice of appeal.

Rule 5(b) also provides as follows:

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:
    (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;
    (B) The time to file the record on appeal has not yet expired;
    (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;



(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal or for the circuit clerk to compile the record.

(2) In no event shall the time be extended more than seven (7) months from the date of the entry of the judgment or order, or from the date on which a timely postjudgment motion is deemed to have been disposed of under Rule 4(b)(1), whichever is later.

(3) If the appellant has obtained the maximum seven-month extension available from the circuit court, or demonstrates (by affidavit or otherwise) an inability to obtain entry of an order of extension, then before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, the appellant may file with the clerk of the Supreme Court a petition for writ of certiorari pursuant to Rule 3-5 of the Rules of the Supreme Court and Court of Appeals.

Ark. R. App. P.–Civ. 5(b)(1)–(3).

Appellant's record was due to be filed on May 29, 2013, after he received one extension from the circuit court. The record was lodged with this court on May 24, 2013. After receiving several extensions to file his brief, appellant's brief was due on October 4, 2013. On September 20, 2013, appellant filed a motion to supplement the record, stating that the transcript of the hearing had not been included when the record was lodged, and he only realized it when he borrowed the record from this court to work on his brief. This court granted the motion, requiring that the supplemental record be filed November 8, 2013, and the supplemental record was filed November 9, 2013.

The timely filing of the record on appeal is a jurisdictional requirement to perfecting an appeal. *Conlee v. Conlee*, 366 Ark. 342, 235 S.W.3d 515 (2006). Appellees cite *Coggins v. Coggins*, 353 Ark. 431, 108 S.W.3d 588 (2003), where, as in the instant case, a second extension from the circuit court was not sought. Instead, a writ of

certiorari ordering the court reporter to prepare the transcript was requested. *Coggins* at 432, 108 S.W.3d at 589. The supreme court denied the writ and stated that appellee had failed to show that he was unable to obtain an additional order of extension in the circuit court. *Coggins* at 435, 108 S.W.3d at 590. In the instant case, appellant filed a record that did not include the transcript of the hearing upon which the circuit court's January 31, 2013 order was based. More than seven months elapsed from the January 31, 2013 order and the filing of the record, in violation of Ark. R. App. P.–Civ. 5(b)(2). Instead of supplementing the record in November 2013, appellant should have sought an extension with the circuit court before his first extension had run on May 29, 2013. Because appellant did not perfect his appeal, we are without jurisdiction.

*Kent Smith*, pro se appellant.

*Quattlebaum, Grooms, Tull & Burrow PLLC*, by: *Daniel J. Beck*, for appellees.