2010 Ark. App. 413

Anthony JENNINGS, Appellant

v.

ARCHITECTURAL PRODUCTS, INC., Appellee.

No. CA 09–529.

Court of Appeals of Arkansas.

May 12, 2010.

Darrell F. Brown, Jr., Ronald L. Davis, Jr., Law Firm PLLC, Little Rock, for appellant.

James Walter Tilley, Staci Dumas Carson, Watts, Donovan & Tilley, P.A., Little Rock, for appellee.

JOHN B. ROBBINS, Judge.

Appellant Anthony Jennings brought a personal injury action against appellee Architectural Products, Inc. Mr. Jennings, a driver for UPS, alleged that on or about May 28, 2002, he slipped and fell while delivering packages on the appellee's premises. Mr. Jennings asserted that the fall was proximately caused by appellee's negligence because it failed to maintain its premises in a reasonably safe condition. Mr. Jennings alleged that he sustained permanent disability, and sought damages for pain and suffering, medical expenses, and lost wages.

After a jury trial, the jury returned a verdict in favor of Architectural Products. Mr. Jennings now appeals, raising two arguments. First, he argues that the trial court erred in granting the appellee's motion to exclude the introduction of his medical bills and records. Next, Mr. Jennings contends that the trial court erred in denying his motion to deem a fact admitted by Architectural Products, that fact being that Mr. Jennings was on the appellee's premises at the time of the accident. We find no error and affirm.

As an initial matter, we address the appellee's contention that Mr. Jennings' appeal should be dismissed on the basis that his notice of appeal is defective. Rule 3(e) of the Rules of Appellate Procedure— Civil provides, in relevant part:

A notice of appeal or cross-appeal shall specify the party or parties taking the appeal; shall designate the judgment, decree, order or part thereof appealed from and shall designate the contents of

the record on appeal. The notice shall also contain a statement that the appellant has ordered the transcript, or specific portions thereof, if oral testimony or proceedings are designated, and has made any financial arrangements required by the court reporter pursuant to Ark.Code Ann. § 16–13–510(c). The notice shall also state whether the appeal is to the Court of Appeals or to the Supreme Court; and if to the Supreme Court, the appellant shall designate the applicable subdivision of Supreme Court Rule 1–2(a) which gives the Supreme Court jurisdiction.

Mr. Jennings' notice of appeal only gives notice of "his intent to appeal the judgment entered in this matter on or about January 27, 2009." Architectural Products accurately asserts that the notice of appeal fails to comport with Rule 3(e) in that it does not designate the record, does not contain a statement of financial arrangements, and does not designate which court is being appealed to. Moreover, the judgment was entered on January 26, 2009, not January 27, 2009.

Notwithstanding these deficiencies, we conclude that the notice of appeal is not fatally deficient because it was timely filed and substantially complies with the rule. While the filing of a notice of appeal is jurisdictional, the supreme court has required only substantial compliance with the procedural steps set forth in Rule 3(e). *Duncan v. Duncan,* 2009 Ark. 565, 2009 WL 3786850; *Rogers v. Tudor Ins. Co.,* 325 Ark. 226, 925 S.W.2d 395 (1996).

Although Mr. Jennings' notice did not designate to which court he was appealing, the record was timely and properly filed in the court of appeals. And although Mr. Jennings' notice did not designate the record or contain a statement of financial arrangements, financial arrangements were evidently made and the clerk's certif-

icate contained in the record certifies that we have received a true copy of the record. Mr. Jennings' misidentification of the judgment was apparently a scrivener's error, and his arguments on appeal are directed toward the January 26, 2009, order entered by the trial court. Therefore, that error was not fatally deficient. *See Duncan, supra.* In *Rogers, supra,* the supreme court held that the procedural steps outlined in Rule 3(e) require only substantial compliance, provided that the appellee has not been prejudiced by the failure to comply strictly with the rule. Because Mr. Jennings has substantially complied with the rule and there has been no prejudice to Architectural Products, we decline to dismiss this appeal.

We thus turn to the merits of this case. At the trial, Mr. Jennings testified about the alleged slip-and-fall accident that occurred on May 28, 2002. According to Mr. Jennings, it was raining that day and he drove to the premises owned by Architectural Products to deliver packages. When he arrived, there was a mat soaked with water outside the front door. Mr. Jennings testified that he walked over the mat and into the business pushing a dolly carrying packages. Mr. Jennings maintained that there was no mat inside the door, and that when he pushed the dolly across the tile floor to deliver the packages, he slipped and fell. Mr. Jennings said that as a result of the fall he sustained a herniated disc and other injuries to his back, and that he has incurred medical bills. He further testified that he has been unable to return to work for UPS since September 2002 and that he is on medical leave.

J.J. Faulkner is the owner of Architectural Products. He testified that before a lawsuit was filed, he was unaware of any accident occurring at the business on May 28, 2002. Mr. Faulkner spoke with numerous employees about the alleged incident,

and none of them had any knowledge of it. Moreover, Mr. Faulkner was not aware of any documentation showing a UPS delivery on that date. As for the condition of the premises on the day of the alleged fall, Mr. Faulkner maintained that there was a carpet just inside the front door of the business.

Mr. Jennings' first argument on appeal is that the trial court erred in granting Architectural Products' motion to exclude his medical bills and records. During a pretrial hearing on the day of trial, Architectural Products objected to the introduction of medical bills that had been requested through discovery, but not provided by Mr. Jennings until 5:00 p.m. on the eve of trial. Mr. Jennings acknowledged that the medical records had not been provided until the day before, but contended that he had not obtained most of the records until recently, and that Architectural Products was not surprised by any of the documents because they already had them in their possession. The trial court ruled that the records were not timely provided to Architectural Products, and refused to allow Mr. Jennings to introduce them at trial.

The goal of discovery is to permit a litigant to obtain whatever information he may need to prepare adequately for issues that may develop without imposing an onerous burden on his adversary. *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 47 S.W.3d 866 (2001). Imposition of sanctions for failure to provide discovery rests in the trial court's discretion, and among the sanctions that may be imposed is prohibiting the introduction of evidence. *See Coulson Oil Co. v. Tully*, 84 Ark.App. 241, 139 S.W.3d 158 (2003). The supreme court has found an abuse of discretion where there has been an undue limitation of substantial rights of the appellant under the prevailing circumstances. *Allen v. Greenland*, 347 Ark. 465, 65 S.W.3d 424 (2002).

The thrust of Mr. Jennings' argument is that his late production of the medical documents had no adverse effect on the appellee because Architectural Products was already in possession of all of the documents he intended to introduce. He correctly asserts that three weeks prior to trial, Architectural Products filed with the circuit clerk a "notice of filing medical records to plaintiff," which was accompanied by hundreds of pages of medical records and bills. Mr. Jennings asserts that the medical documents filed by Architectural Products consisted of *every record* related to his injuries resulting from his fall at the appellee's business. Mr. Jennings submits that because all of the medical documents he wished to introduce had already been in the appellee's possession for at least three weeks, the appellee was not surprised and he should have been allowed to admit them into evidence. Mr. Jennings contends that the trial court abused its discretion in excluding the medical bills and records, and that the abuse of discretion placed an undue limitation on his substantial rights because he was prevented from presenting proof of the nature and extent of his injuries.

We hold that our review of this issue is precluded by appellant's failure to make a proffer of his medical records and bills to the trial court. Arkansas Rule of Evidence 103(a)(2) provides:

(a) *Effect of Erroneous Ruling.* Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

. . . .

(2) *Offer of proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was

apparent from the context within which questions were asked.

To challenge a ruling excluding evidence, an appellant must proffer the excluded evidence so as to permit review of a trial court's decision, unless the substance of the evidence is apparent. *Duque v. Oshman's Sporting Goods–Servs., Inc.*, 327 Ark. 224, 937 S.W.2d 179 (1997). Failure to proffer evidence so that we can see if prejudice results from its exclusion precludes review of the evidence on appeal. *Id.*

At the hearing prior to trial, Mr. Jennings made the argument that Architectural Products was not surprised by any of the documents it received the day before because it already had them. The trial court responded, "Well, but see, I don't know that they already had them." At no time did Mr. Jennings proffer the medical documents he sought to |7introduce, so the trial court could not determine whether or not these documents were the same as those filed by Architectural Products three weeks earlier. Mr. Jennings now claims that these documents were the same, but because there was no proffer the trial court could not, and now this court cannot, make that determination. If any documentation Mr. Jennings sought to introduce was made known to Architectural Products for the first time on the eve of the trial, it was subject to exclusion as found by the trial court. Mr. Jennings' failure to make a proffer as required by Rule 103(a)(2) precludes us from addressing the argument he now raises.

■ Mr. Jennings' remaining contention is that the trial court abused its discretion in denying his motion to deem a fact admitted by Architectural Products. At the pretrial hearing, Mr. Jennings asked the trial court to take judicial notice of an admission made by Architectural Products in a supplement to its motion for summary judgment. In a supplement to motion for summary judgment filed a week before trial, Architectural Products asserted, *"While it is undisputed that Plaintiff was on Defendants' premises at the time his accident occurred,* Plaintiff has presented no evidence of any negligence on the part of Defendant, nor that any such negligence was the proximate cause of his damages." (Emphasis added.) Noting that the motion for summary judgment was not timely filed, the trial court refused Mr. Jennings' request to take judicial notice of an admission that Mr. Jennings was on the property when the accident occurred.

|8Mr. Jennings assigns error to the trial court's action, relying on *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 47 S.W.3d 866 (2001). In that case, the supreme court noted that it has allowed previous pleadings to be admitted against opposing parties as evidence of prior inconsistent statements under Ark. R. Evid. 613. In *Dodson*, the supreme court held that a dismissed pleading adopted by all of the defendants qualified as impeachment evidence against one of the defendants who took an inconsistent position with a representation in the pleading at trial. Similarly, in the instant case Mr. Jennings submits that he should have been permitted to use Architectural Products' prior inconsistent statement in its supplemental motion to impeach its representative at trial, who testified that he was unaware of any accident occurring on the premises of the business on that day. Mr. Jennings further posits that the trial court should have taken judicial notice of the admission.

The only argument made by Mr. Jennings below was that the trial court should take judicial notice of an admission. Arkansas Rule of Evidence 201 provides, in pertinent part:

(a) *Scope of Rule.* This rule governs only judicial notice of adjudicative facts.

(b) *Kinds of Facts.* A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by [resort] to sources whose accuracy cannot reasonably be questioned.

The trial court did not err in failing to take judicial notice of an admission by the appellee that the accident occurred on appellee's premises. Whether the accident occurred there is clearly not an adjudicative fact that falls under the strictures of Rule 201(b).

▮ |₉Mr. Jennings asserts for the first time on appeal that he should have been allowed to use the prior inconsistent statement in the appellee's supplemental motion to impeach the testimony of its representative. However, issues raised for the first time on appeal will not be considered because the trial court never had the opportunity to rule on them. *Lewis v. Robertson,* 96 Ark.App. 114, 239 S.W.3d 30 (2006). A party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Id.* Summary judgment papers are not pleadings. Ark. R. Civ. P. 7(a). Even assuming that the supplement to appellee's summary-judgment motion qualifies as a court paper that could be used for impeachment purposes, this argument was not made to the trial court and thus that argument is not preserved for review.

Affirmed.

KINARD and MARSHALL, JJ., agree.