SLIP OPINION

Cite as 2015 Ark. App. 286

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–14–421

| | |
|---|---|
| JOHN J. BRUCHHAGEN<br>APPELLANT<br><br>V.<br><br>FELICIA WHEAT ACORD<br>APPELLEE | **OPINION DELIVERED** MAY 6, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60DR–2010–4717]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>APPEAL DISMISSED |

**ROBERT J. GLADWIN, Chief Judge**

Appellant John J. Bruchhagen attempts to appeal a January 23, 2014 order filed by the Pulaski County Circuit Court in favor of appellee Felicia Wheat Acord. Appellant argues that the circuit court erred by denying his motion for sanctions against appellee's attorney when appellee had no chance of success and that the circuit court abused its discretion when it awarded appellee's counsel attorney's fees despite having found that appellant was not in contempt of court. Because this court lacks jurisdiction to hear the appeal pursuant to Arkansas Rule of Appellate Procedure–Civil (3)(e)(ii) (2013), we dismiss.

The parties were divorced on March 24, 2008. On May 1, 2013, a hearing was held on a contempt action filed by appellee, and the order resulting from that hearing was entered by the circuit court on June 19, 2013. The circuit court found appellant in contempt of court and awarded appellee an attorney's fee for the contemptuous actions of appellant.

Additionally, the circuit court ordered appellant to submit to extensive, monthly hair–follicle tests and imposed certain requirements with respect to said drug testing. The circuit court also imposed on appellant an affirmative obligation to ensure that appellee could independently verify that his drug testing conformed with the court-ordered requirements. The circuit court granted both parties reasonable telephone visitation and precluded either party from hindering and/or interfering with the other party's telephone visitation with the minor child.

Appellant began engaging in conduct that appellee believed was in violation of the June 19, 2013 order; specifically, appellee was unable to verify the drug-test results that appellant was submitting to her. This issue, in conjunction with the fact that appellant had been submitting results from various other laboratories, caused appellee to believe that appellant was using illegal substances but submitting test results from various laboratories that could not be verified in order to avoid being held in contempt of court and having his visitation privileges suspended. Appellant also allegedly hindered and/or interfered with appellee's telephone visitation with the minor child while appellant was exercising his summer visitation with the child.

Appellee filed a motion for contempt on August 26, 2013. Appellant filed his response on August 29, 2013. The circuit court entered an order to appear and show cause for appellant on August 30, 2013.

On September 16, 2013, appellant filed a motion to reconsider the June 19, 2013 order. On October 10, 2013, the circuit court filed an order denying appellant's motion, and no notice of appeal was timely filed as to this order.

Appellant filed a motion for Rule 11 sanctions on October 4, 2013, and appellee filed her response on October 15, 2013. A hearing on the motion was held on November 8, 2013, and it resulted in the January 23, 2014 order, from which this appeal is attempted. The circuit court found that appellant's actions had not quite warranted a finding of contempt, although the circuit court did find that the actions appellant was engaging in were "contemptuous indeed." Based on appellant's actions and the perception by the circuit court that appellant was continuing to do whatever he wanted to do, the circuit court denied appellant's motion for Rule 11 sanctions and awarded appellee a $2,500 attorney's fee.

A notice of appeal was timely filed on February 18, 2014, but the language of the notice of appeal does not fairly and accurately inform us of the order being appealed from as required by Rule 3(e)(ii). Appellant's notice of appeal attempts to appeal from the

> judgment entered against them in the Pulaski County Circuit Court regarding Case No.: 60DR–2010-4717. Appellant designates the record from the Order entered June 19, 2013 and all proceedings, exhibits, evidence and testimony entered thereafter.

Based on our review of the record, no timely notice of appeal was filed from the June 19, 2013 order, or the October 10, 2013 order denying appellant's petition to modify the June 19, 2013 order. Although it appears that appellant is attempting to appeal from the January 23, 2014 order—in which case the notice of appeal would be timely filed—there is no designation or reference to the January 23, 2014 order whatsoever.

We acknowledge that under Arkansas Rule of Appellate Procedure–Civil 3(e) (2015) absolute strict compliance is not always necessary; but, Arkansas appellate courts do require substantial compliance. Recently, in *Smith v. Freeman*, 2014 Ark. App. 569, this court dismissed an appeal for lack of substantial compliance with Rule 3(e), holding,

> Normally, where an appellant attempts to designate the order and simply misidentifies the order by date, our courts will find substantial compliance. *Callaway v. Abshure*, 2013 Ark. App. 21. The present situation, however, does not involve accidental inaccuracy. Appellant made no attempt to designate the order appealed. He merely requested "the case cited above be appealed." Such an omission forecloses the possibility of substantial compliance with Rule 3(e). *Id*. These deficiencies in appellant's notices of appeal prevent us from establishing whether appellant's appeal is timely and, accordingly, whether we have jurisdiction. A notice of appeal must be filed within 30 days from the order appealed from. Ark. R. App. P.-Civ. 4(a). The timely filing of a notice of appeal is a jurisdictional requirement. *Stacks v. Marks*, 354 Ark. 594, 127 S.W.3d 483 (2003).

*Id*. at 3.

Here, appellant's notice of appeal likewise fails to substantially comply with Rule 3(e)(ii) in that it attempts to cover anything and everything occurring in this case from the June 19, 2013 order and thereafter without any specification to any other order—and makes no reference to the only order from which it was timely filed, the January 23, 2014 order. Accordingly, because appellant's notice of appeal failed to substantially comply with Arkansas Rule of Appellate Procedure–Civil 3(e)(ii), we dismiss the appeal.

Appeal dismissed.

ABRAMSON and HARRISON, JJ., agree.

*The Henry Law Firm, P.A.*, by: *Matthew Henry*, for appellant.

*Lightle, Raney, Streit & Streit, LLP*, by: *Jonathan R. Streit*, for appellee.