Cite as 2024 Ark. 5

# SUPREME COURT OF ARKANSAS
**No.** CR–23–1

JUSTIN HOWARD PETTY

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** January 25, 2024

APPEAL FROM THE MILLER
COUNTY CIRCUIT COURT
[NO. 46CR–21–486]

HONORABLE BRENT HALTOM,
JUDGE

<u>AFFIRMED</u>.

**SHAWN A. WOMACK, Associate Justice**

Justin Petty appeals his first-degree murder conviction, resulting in a life-imprisonment sentence plus an additional fifteen years. He asserts the trial court abused its discretion when it rejected his initial and renewed mistrial motions. We hold that the trial court did not abuse its discretion. The conviction is affirmed.

## I. *Facts*

On August 30, 2021, Justin Petty was charged with the first-degree murder of Billy Eddings, which was later amended on September 15, 2021, to include a firearms enhancement and an additional charge for possession of firearms by certain persons. In a pretrial hearing held on June 27, 2022, the court ordered that, before introducing any testimony or presenting evidence related to prior bad acts under Ark. R. Evid. 404(b), the parties must first approach the bench and discuss the subject matter with the court.

Additionally, the parties were ordered to prepare their witnesses to avoid mentioning previous history or prior bad acts.

Alexis Forbes, Eddings's girlfriend and roommate, along with her two children, witnessed the murder. During Forbes's testimony, the State aimed to establish the reason for Petty's visit to Eddings's residence on the day of the murder. Forbes stated that Petty sought Eddings's help to recover his car, which was sold while Petty was in jail. This prompted an objection from Petty's attorney. In the subsequent bench conference, the prosecutor apologized for Forbes's statement, mentioning prior warnings about volunteering such information. Petty contended that the statement violated the trial court's pretrial order and requested a mistrial. The prosecutor explained she had instructed Forbes not to discuss prior criminal activity and that Forbes did not intend to violate the court's order. The trial court asked Petty's attorney if he had evidence that the prosecutor knew Forbes would mention Petty's earlier jail time. He had none, leading the court to rule that the violation was minor since jail, in this context, did not imply a conviction. The court cautioned Forbes and instructed the jury to disregard her statement—which it agreed to do.

The following day, Petty renewed his request for a mistrial, asserting that Forbes had also mentioned Petty's recent incarceration in a police interview that took place after the murder. In response, the prosecutor explained that, adhering to the court's directive, she had discussed the issue with Forbes, instructing her not to discuss anything before September 29, 2020, including Petty's prior legal issues. She clarified that the State had not probed into any previous wrongful acts, as Forbes was merely explaining why Petty had visited Eddings's house on September 29. Additionally, the prosecutor noted that the witness

misspoke following the Court's curative instruction. The court questioned if each juror would ignore it, and the jury collectively agreed to disregard Forbes's statement.

The trial court ruled that the witness had been cautioned against mentioning prior bad acts in line with its order. Furthermore, the court considered the likelihood of prejudice to be minimal, categorizing the violation as *de minimis* since only the term "jail" was referenced, without implying a conviction or imprisonment. In rejecting the renewed motion, the trial court determined that Petty's right to a fair trial remained unaffected and offered to provide any additional curative instructions requested by the parties. Petty opted not to seek any further curative instruction.

The jury found Petty guilty of first-degree murder and the firearms enhancement, resulting in a life sentence plus fifteen years. In his appeal, Petty contends that the trial court erred in denying his mistrial request.

## II. *Analysis*

Petty's sole point on appeal is that the trial court should have granted him a mistrial based on the mentioning of his previous jail confinement.

A trial court has wide discretion in deciding whether to grant a mistrial, and this court does not reverse that decision unless there is an abuse of that discretion or manifest prejudice. *McClendon v. State*, 2019 Ark. 88, at 7, 570 S.W.3d 450, 454. A trial court abuses its discretion when it acts improvidently, thoughtlessly, or without due consideration. *Bragg v. State*, 2023 Ark. 66, at 7, 663 S.W.3d 375, 380–81. A mistrial is a drastic remedy and should be declared only when there is an error so prejudicial that justice cannot be served by continuing the trial and when it cannot be cured by an instruction to the jury.

3

*E.g.*, *Tryon v. State*, 371 Ark. 25, 42, 263 S.W.3d 475, 488 (2007); *Maiden v. State*, 2014 Ark. 294, 438 S.W.3d 263. In determining whether a trial court abused its discretion by denying a mistrial motion, this court looks to several factors, including "whether the prosecutor deliberately induced a prejudicial response and whether an admonition to the jury could have cured any resulting prejudice." *Armstrong v. State*, 366 Ark. 105, 113, 233 S.W.3d 627, 634 (2006).

In this instance, we agree with the trial court's rationale when it considered two crucial factors in evaluating the need for a mistrial: the potential harm arising from the witness's statement and the extent of the prosecutor's involvement in eliciting the prohibited statement from the witness. Through discussions with the parties encompassing both the original and renewed motions presented by Petty, the trial court determined that, concerning the first factor, the mention of "jail" carried minimal prejudicial impact, given the absence of an implied conviction or prior bad act. Regarding the second factor, it concluded that the State did not intentionally prompt testimony involving a prior bad act. Using its reasoning, the trial court did not exceed its broad discretion in denying a mistrial. Further, the court instructed the jury to disregard Forbes's statement regarding Petty's jail time, clarifying that Forbes had misspoken.

We hold that the trial court did not abuse its discretion when denying Petty's initial and renewed mistrial motions. Therefore, we affirm his conviction.

III. *Rule 4-3(a) Review*

4

Petty received a sentence of life imprisonment, so the record has been reviewed for all errors prejudicial to him, as required by Arkansas Supreme Court Rule 4–3(a). No reversible error was found.

Affirmed.

*James & Streit*, by: *Jonathan R. Streit*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.