Cite as 2024 Ark. App. 630

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CV-23-707

|  |  |
|---|---|
| KARA MCMILLAN<br><br>APPELLANT<br><br>V.<br><br>TINA MCMILLAN<br><br>APPELLEE | **Opinion Delivered** December 11, 2024<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63DR-22-1107]<br><br>HONORABLE BRENT DILLON HOUSTON, JUDGE<br><br>APPEAL DISMISSED; MOTION DENIED |

## WAYMOND M. BROWN, Judge

This appeal arises from divorce proceedings in the Saline County Circuit Court. Appellant Kara McMillan filed a notice of appeal on August 23, 2023. Appellee Tina McMillan filed a motion to advance and affirm and for Rule 11 sanctions. Among other claims in the motion, Tina states that the appeal should be dismissed because the notice of appeal does not comply with Arkansas Rules of Appellate Procedure–Civil. We agree and dismiss the appeal.

On August 4, 2023, the circuit court held a divorce hearing. An order on emergency motion was entered on August 15 prohibiting the parties from disposing of property or assets of the marital estate, requiring the parties to bring to auction any marital property within their possession or control, restricting the parties from harassing each other, ordering Kara to deliver a specific pendant necklace to the law office of Tina's counsel, denying Tina's request for immediate possession of the marital property, denying Tina's motion for contempt as premature, and addressing the disposition

of the family pets. A final decree of divorce was entered on August 28. On August 23, prior to entry of the divorce decree, Kara filed the following notice of appeal:

ELECTRONICALLY FILED
Saline County Circuit Court
Myka Bono Sample, Circuit Clerk
2023-Aug-23 13:20:59
63DR-22-1107
C22D03 : 1 Page

NO. 63DR-22-1107

PETITIONER:
Tina McMillan

IN THE CIRCUIT COURT

_____ JUDICIAL DISTRICT

DEFENDANT:
Kara McMillan

Saline Co., AR {COUNTY, STATE}

**NOTICE OF APPEAL**

Notice is hereby given that ___Kara McMillan___, the

☒ Petitioner

☐ Defendant

appeals to the Superior Court of ___Arkansas___ on this day, ___08/22/2023___

This order has been entered in the docket.

" Without prejudice UCC 1-308"

___Kara McMillan___
Signature

___08/22/2023___
Date

Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil governs the content of notice of appeal or cross-appeal. It provides that a notice of appeal or cross-appeal shall:

(i) specify the party or parties taking the appeal;

(ii) designate the judgment, decree, order or part thereof appealed from;

(iii) designate the contents of the record on appeal;

2

(iv)  state that the appellant has ordered the transcript, or specific portions thereof, if oral testimony or proceedings are designated, and has made any financial arrangements required by the court reporter pursuant to Ark. Code Ann. § 16-13-510(c);

(v)  state whether the appeal is to the Court of Appeals or to the Supreme Court; and if to the Supreme Court, the appellant shall designate the applicable subdivision of Arkansas Supreme Court and Court of Appeals Rule 1-2(a), which gives the Supreme Court jurisdiction.  This declaration shall be for the purpose of placing the case with one court or the other for preliminary administration. It shall not preclude the appellant from filing his or her brief pursuant to Arkansas Supreme Court and Court of Appeals Rules 4-3 and 4-4 in the alternative court if that later is determined by the appellant to be appropriate; and

(vi)  state that the appealing party abandons any pending but unresolved claim.  This abandonment shall operate as a dismissal with prejudice effective on the date that the otherwise final order or judgment appealed from was entered.  An appealing party shall not be obligated to make this statement if the party is appealing an interlocutory order under Arkansas Rule of Appellate Procedure-Civil 2(a)(2) to (a)(13), Arkansas Rule of Appellate Procedure-Civil 2(c), or Arkansas Supreme Court and Court of Appeals Rule 6-9(a), or is appealing a partial judgment certified as final pursuant to Arkansas Rule of Civil Procedure 54(b).

The filing of a notice of appeal is jurisdictional; absent an effective notice of appeal, we lack jurisdiction to consider the appeal and must dismiss it.[1]  Here, in compliance with subdivision (i), the notice of appeal specifies the party taking the appeal but wholly fails to comply with subdivisions (ii)–(vi) of Rule 3(e).  For example, Rule 3(e)(ii) provides that a notice of appeal shall designate the judgment, decree, order or part thereof appealed from.  Orders not mentioned in a notice of appeal are not properly before the court.[2]  Kara's notice of appeal does not designate the order she is appealing from; therefore, we hold that her notice of appeal is fatally deficient, and we lack jurisdiction to consider the merits of this case.  We acknowledge that only substantial compliance

---

[1]*Lewis v. Jewell*, 2020 Ark. App. 184, 598 S.W.3d 67.

[2]*Id.*; *see also Racine v. Nelson*, 2011 Ark. 50, 378 S.W.3d 93.

with the procedural steps set forth in Rule 3(e) is required.[3] Substantial compliance has been found

in cases where there was a scrivener's error.[4] In *Duncan*, the appellant's notice of appeal was not

fatally flawed where the date of the order in the notice was incorrect because it was clear from her

arguments on appeal what she was appealing. Here, there was no scrivener's error; Kara failed to

designate an order at all. It is not incumbent on this court to guess which order she is appealing.

This failure to designate an order is not substantial compliance. Furthermore, the notice of appeal

does not comply, or even attempt to comply, with the remaining subdivisions of the rule. Substantial

compliance cannot be found where there has been a near complete disregard for the mandates of the

rule, as is the case here. Accordingly, we dismiss the appeal for lack of jurisdiction.

We now briefly address Tina's request that Rule 11 sanctions be imposed on Kara for bringing

a frivolous appeal. Rule 11 of the Arkansas Rules of Appellate Procedure–Civil provides:

> (a) The filing of a brief, motion or other paper in the Supreme Court or the Court of Appeals constitutes a certification of the party or attorney that, to the best of his knowledge, information and belief formed after reasonable inquiry, the document is well grounded in fact; is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; is not filed for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and that the document complies with the requirements of Rule of Civil Procedure 5(c)(2) regarding redaction of confidential information. A party or an attorney who files a paper in violation of this rule, or party on whose behalf the paper is filed, is subject to a sanction in accordance with this rule.

> (b) The Supreme Court or the Court of Appeals shall impose a sanction upon a party or attorney or both for (1) taking or continuing a frivolous appeal or initiating a frivolous proceeding, (2) filing a brief, motion, or other paper in violation of subdivision (a) of this rule, (3) prosecuting an appeal for purposes of delay in violation of Rule 6-2 of the Rules of the Supreme Court and Court of Appeals, and (4) any act of commission or omission that has an improper purpose, such as to harass or to cause unnecessary delay or needless increase in

---

[3]*Jewell v. Moser*, 2012 Ark. 267.

[4]*Duncan v. Duncan*, 2009 Ark. 565.

4

the cost of litigation. For purposes of this rule, a frivolous appeal or proceeding is one that has no reasonable legal or factual basis.

(c) Sanctions that may be imposed for violations of this rule include, but are not limited to, dismissal of the appeal; striking a brief, motion, or other paper; awarding actual costs and expenses, including reasonable attorneys' fees; imposing a penalty payable to the court; awarding damages attributable to the delay or misconduct; and, where there has been delay, advancing the case on the docket and affirming.

(d) A party may by motion request that a sanction be imposed upon another party or attorney pursuant to this rule, or the court may impose a sanction on its own initiative. A motion shall be in the form required by Rule 2-1 of the Rules of the Supreme Court and Court of Appeals, with citations to the record where appropriate, and will be called for submission three weeks after filing. The opposing party may file a response within 21 days of the filing of the motion. If the court on its own initiative determines that a sanction may be appropriate, the court shall order the party or attorney to show cause in writing why a sanction should not be imposed on the party or attorney or both.

In her motion, Tina argues that Rule 11 sanctions should be imposed because nothing in the record supports Kara's arguments on appeal, Kara's appellate brief is devoid of legal authority, and the appeal is merely for purposes of delay. Tina asks this court to impose the appropriate sanctions against Kara for bringing a frivolous appeal. In her pro se appeal, as far as can be gleaned by the largely nonsensical and unsupported arguments, Kara challenges the circuit court's jurisdiction, asserts error in the marital-property distribution, and claims the presiding judge was obligated to recuse himself from the case due to a conflict of interest. Although poorly crafted and lacking legal citation, we find no reason to believe that Kara's appeal was instigated for purposes of delay or harassment. Therefore, we deny Tina's motion for the imposition of sanctions.

Accordingly, we dismiss the appeal.

Appeal dismissed; motion denied.

WOOD and MURPHY, JJ., agree.

*Kara McMillan*, pro se appellant.

5

*Digby Law Firm*, by: *Mathew R. Ingle*, for appellee.