Cite as 2025 Ark. App. 548

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-24-612

|  |  |
|---|---|
| DEBRA BOOKER WILSON<br>APPELLANT<br><br>V.<br><br>OAKLAWN JOCKEY CLUB, INC.,<br>D/B/A OAKLAWN RACING CASINO<br>RESORT; AND OAKLAWN RACING<br>CLUB, INC.<br>APPELLEES | Opinion Delivered November 12, 2025<br><br>APPEAL FROM THE GARLAND<br>COUNTY CIRCUIT COURT<br>[NO. 26CV-23-455]<br><br>HONORABLE LYNN WILLIAMS,<br>JUDGE<br><br>DISMISSED |

**WENDY SCHOLTENS WOOD, Judge**

Debra Booker Wilson, appearing pro se, attempts to appeal from an order of the Garland County Circuit Court. However, Wilson's notice of appeal fails to designate the order from which she appeals as required by Rule 3(e)(ii) of the Arkansas Rules of Appellate Procedure–Civil. Because this court lacks jurisdiction to hear the appeal pursuant to Rule 3(e)(ii), we dismiss.

On April 19, 2023, Wilson, who was represented by counsel at the time, filed a negligence action against Oaklawn Jockey Club, Inc., and Oaklawn Racing Club, Inc., (collectively "Oaklawn") following a June 1, 2020 slip and fall at Oaklawn Casino. Oaklawn filed an answer and propounded discovery. When Wilson failed to respond to the discovery

requests, Oaklawn moved to compel on July 10, 2023. Wilson responded to the motion to compel on July 20 and provided responses the same day.

On September 5, Oaklawn filed a supplemental motion to compel stating that Wilson provided responses but failed to attach her medical bills and records. The supplemental motion further provided that Oaklawn had made repeated attempts to obtain the documents from Wilson's counsel but received no response. On September 19, the circuit court entered an order compelling Wilson to provide a full and complete set of the documents requested by Oaklawn in its first set of interrogatories and requests for production within ten days of the order. Wilson provided the documents.

Oaklawn deposed Wilson on November 10. On March 7, 2024, Oaklawn filed a second motion to compel stating that request for production No. 3 requested photographs of the accident scene, and Wilson responded that "[n]o items have been identified[.]" Oaklawn further contended that Wilson stated in her deposition that she had photographs of the accident scene. Oaklawn unsuccessfully attempted to obtain these photographs from Wilson's counsel. Oaklawn argued that the court directed Wilson to comply with the discovery requests within ten days of the September 19 order to compel and that Wilson had failed to comply. Oaklawn asked that Wilson be ordered to produce the photographs within five days of a new order to compel, and if she failed to do so, that her case be dismissed as a sanction pursuant to Rule 37 of the Arkansas Rules of Civil Procedure.

On March 25, the circuit court entered a second order to compel, directing Wilson to produce the photographs within five business days and stating that her complaint would

be dismissed with prejudice pursuant to Rule 37 if she failed to do so. Wilson failed to produce the photographs as ordered, and the circuit court entered an order of dismissal with prejudice on April 2.

On May 28, Wilson filed a pro se pleading asking that her case be reopened, complaining that she was dissatisfied with her attorney. On July 12, Wilson moved to set aside the judgment, asserting that she did not have proper representation. Oaklawn responded on July 15, arguing that the circuit court's jurisdiction to set aside the April 2, 2024 judgment pursuant to Rule 60 of the Arkansas Rules of Civil Procedure expired ninety days after the judgment—on July 1. Oaklawn further argued that Wilson had failed to plead any of the grounds under Rule 60 that would allow the circuit court to set aside the judgment beyond ninety days and that none existed. On August 5, the circuit court entered an order denying Wilson's motion to set aside the judgment, finding it untimely under Rule 60 because it was filed more than ninety days after the judgment, and none of the grounds that would extend the time beyond ninety days were pled or satisfied.

On August 9, Wilson filed a "Motion for Relief from Order Dated March 25, 2024, Pursuant to Rule 60," stating that her complaint should not have been dismissed. Then on August 12, Wilson filed a notice of appeal, which provided in pertinent part:

> Plaintiff, Debra Booker Wilson . . . hereby [a]ppeal[s] to the Arkansas Court of Appeals . . . the decision, court order, Judgment of this court entered in the above captioned proceeding related to complaint filed against the Defendant Oaklawn Jockey Club Inc., D/B/A/ Oaklawn Racing Casino Resort and Oaklawn Racing Club, Inc. . . .

On August 13, the circuit court entered an order denying Wilson's motion to set aside the March 25 order. Other than Wilson's petition for leave to proceed in forma pauperis and the order granting that motion, no further pleadings were filed.

Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil states that "[a] notice of appeal or cross-appeal shall: . . . (ii) designate the judgment, decree, order or part thereof appealed from[.]" Ark. R. App. P.–Civ. 3(e)(ii) (2025). We require substantial compliance with the procedural steps set forth in Rule 3(e). *Williams v. St. Vincent Infirmary Med. Ctr.*, 2021 Ark. 14, at 6, 615 S.W.3d 721, 725. A notice of appeal that fails to designate the judgment or order appealed from as required under Rule 3(e) is deficient, but such a defect is not necessarily fatal to the notice where it is clear what order the appellant is appealing and the notice was filed timely as to that order. *Id.* at 6, 615 S.W.3d at 725. The supreme court has found substantial compliance in cases where there has been a scrivener's error. *Id.* at 6, 615 S.W.3d at 725. Orders not mentioned in a notice of appeal are not properly before the court. *McMillan v. McMillan*, 2024 Ark. App. 630, at 3, 703 S.W.3d 493, 495. The filing of a notice of appeal is jurisdictional; absent an effective notice of appeal, we lack jurisdiction to consider the appeal and must dismiss it. *Id.* at 3, 703 S.W.3d at 495.

In *Smith v. Freeman*, we dismissed the appeal for lack of substantial compliance with Rule 3(e)(ii), holding:

> Normally, where an appellant attempts to designate the order and simply misidentifies the order by date, our courts will find substantial compliance. *Callaway v. Abshure*, 2013 Ark. App. 21. The present situation, however, does not involve accidental inaccuracy. Appellant made no attempt to designate the order appealed. He merely requested "the case cited above be appealed." Such an omission forecloses

4

the possibility of substantial compliance with Rule 3(e). *Id.* These deficiencies in appellant's notices of appeal prevent us from establishing whether appellant's appeal is timely and, accordingly, whether we have jurisdiction. A notice of appeal must be filed within 30 days from the order appealed from. Ark. R. App. P.–Civ. 4(a). The timely filing of a notice of appeal is a jurisdictional requirement. *Stacks v. Marks*, 354 Ark. 594, 127 S.W.3d 483 (2003).

2014 Ark. App. 569, at 3.

Wilson's notice of appeal states that she appeals "from . . . the decision, court order, Judgment of this court entered . . . related to [the] complaint filed against" Oaklawn. As was the case in *Smith*, there were multiple orders entered in this case, including the September 19, 2023 order to compel; the March 25, 2024 order to compel; the April 2, 2024 dismissal order; the August 5, 2024 order denying the motion to set aside; and the August 13, 2024 order denying the motion for relief. Wilson's notice of appeal fails to substantially comply with Rule 3(e)(ii) because it does not designate which order or orders she is appealing. There was no scrivener's error; Wilson failed to designate an order at all. It is not incumbent on this court to guess which order she is appealing. *McMillan*, 2024 Ark. App. 630, at 4, 703 S.W.3d at 495. This failure to designate an order is not substantial compliance. *Id.*, 703 S.W.3d at 495.

Although the August 12 notice of appeal—the only notice of appeal filed in this case—would have been timely as to the August 5 order, the language of the notice of appeal does not designate or reference this order in any way. *Bruchhagen v. Acord*, 2015 Ark. App. 286, at 4 (dismissing the appeal for lack of jurisdiction for the failure to comply with Rule 3(e), noting that the notice of appeal would have been timely as to one of multiple orders, but the

5

notice failed to identify any order). Accordingly, because Wilson's notice of appeal failed to substantially comply with Arkansas Rule of Appellate Procedure–Civil 3(e)(ii), we dismiss the appeal.

Dismissed.

BARRETT and THYER, JJ., agree.

*Debra Booker Wilson*, pro se appellant.

*Friday, Eldrege & Clark, LLP*, by: *David D. Wilson* and *Martin A. Kasten*, for appellees.