Cite as 2026 Ark. App. 84

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CV-24-856

| | | |
|---|---|---|
| FALANA JACKSON-RICE | | Opinion Delivered February 11, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION |
| V. | | [NO. 60DR-22-4468] |
| ROBERT RICE | | |
| | APPELLEE | HONORABLE ANDREW GILL, JUDGE |
| | | DISMISSED |

## BART F. VIRDEN, Judge

Falana Jackson-Rice and Robert Rice were divorced by a decree entered by the Pulaski County Circuit Court on December 21, 2022. Falana, pro se, attempts to appeal from the decree; however, Falana's notice of appeal fails to comply with the requirements of Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil; thus, this court lacks jurisdiction to hear the appeal, and we dismiss.

Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil provides that a notice of appeal shall:

(i) specify the party or parties taking the appeal;

(ii) designate the judgment, decree, order or part thereof appealed from;

(iii) designate the contents of the record on appeal;

(iv) state that the appellant has ordered the transcript, or specific portions thereof, if oral testimony or proceedings are designated, and has made any financial arrangements required by the court reporter pursuant to Ark. Code Ann. § 16-13-510(c);

(v) state whether the appeal is to the Court of Appeals or to the Supreme Court; and if to the Supreme Court, the appellant shall designate the applicable subdivision of Arkansas Supreme Court and Court of Appeals Rule 1-2(a), which gives the Supreme Court jurisdiction. This declaration shall be for the purpose of placing the case with one court or the other for preliminary administration. It shall not preclude the appellant from filing his or her brief pursuant to Arkansas Supreme Court and Court of Appeals Rules 4-3 and 4-4 in the alternative court if that later is determined by the appellant to be appropriate; and

(vi) state that the appealing party abandons any pending but unresolved claim. This abandonment shall operate as a dismissal with prejudice effective on the date that the otherwise final order or judgment appealed from was entered. An appealing party shall not be obligated to make this statement if the party is appealing an interlocutory order under Arkansas Rule of Appellate Procedure-Civil 2(a)(2) to (a)(13), Arkansas Rule of Appellate Procedure-Civil 2(c), or Arkansas Supreme Court and Court of Appeals Rule 6-9(a), or is appealing a partial judgment certified as final pursuant to Arkansas Rule of Civil Procedure 54(b).

The filing of a notice of appeal is jurisdictional; absent an effective notice of appeal, we lack jurisdiction to consider the appeal and must dismiss it. *McMillan v. McMillan*, 2024 Ark. App. 630, at 3, 703 S.W.3d 493, 495. This court has required only substantial compliance with the procedural steps set forth in Rule 3(e). *See Helton v. Jacobs*, 346 Ark. 344, 57 S.W.3d 180 (2001); *Rogers v. Tudor Ins. Co.*, 325 Ark. 226, 925 S.W.2d 395 (1996).

Our appellate courts have found substantial compliance when the appellant referred to the hearing date as the date of the order appealed from rather than the actual date of the order. *See Henley v. Medlock*, 97 Ark. App. 45, 244 S.W.3d 16 (2006). Substantial compliance also has been found when there has been a scrivener's error in the notice of appeal. *See*

*Williams v. St. Vincent Infirmary Med. Ctr.*, 2021 Ark. 14, at 6, 615 S.W.3d 721, 725; *Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Sudrick*, 49 Ark. App. 84, 896 S.W.2d 452 (1995) (notice of appeal's reference to an order that did not exist was not fatal to the appeal when appellant's arguments on appeal were directed at the only order in the case by which the appellant was aggrieved and the notice of appeal was timely filed with respect to that order).

Here, we can identify the parties and the order appealed from; however, Falana's notice of appeal does not state the specific contents of the record on appeal, that she ordered a transcript and made financial arrangements with the court reporter, or that she abandons any pending but unresolved claims.

Here, no case law has dealt with the exact combination of errors listed above; however, our court has ruled that "substantial compliance cannot be found where there has been a near complete disregard for the mandates of the rule." *See McMillan*, 2024 Ark. App. 630, at 4, 703 S.W.3d at 495. Falana's notice of appeal complies with only two of the six requirements of Rule 3(e), which shows a disregard for the Arkansas Rules of Appellate Procedure–Civil. Accordingly, we dismiss the appeal.

Dismissed.

KLAPPENBACH, C.J., and MURPHY, J., agree.

*Falana Jackson-Rice*, pro se appellant.

*Knollmeyer Law Office, P.A.*, by: *Michael Knollmeyer*, for appellee.