Cite as 2026 Ark. App. 218

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-25-36

| | |
|---|---|
| BERNICE RUTLAND<br><br>APPELLANT<br><br>V.<br><br><br>TODD C. STEWART, INDIVIDUALLY;<br>TODD C. STEWART, D.D.S., P.A.; AND<br>ROCK DENTAL ARKANSAS, PLLC,<br>D/B/A HELENA FAMILY DENTAL<br>APPELLEES | Opinion Delivered April 8, 2026<br><br>APPEAL FROM THE PHILLIPS<br>COUNTY CIRCUIT COURT<br>[NO. 54CV-23-169]<br><br><br>HONORABLE CHALK S. MITCHELL,<br>JUDGE<br><br><br>DISMISSED |

### ROBERT J. GLADWIN, Judge

Appellant, Bernice Rutland, has appealed the Phillips County Circuit Court's dismissal with prejudice of her medical-malpractice claims related to dental treatment against the appellees, Todd C. Stewart, individually; Todd C. Stewart, D.D.S., P.A.; and Rock Dental Arkansas, PLLC, d/b/a Helena Family Dental (collectively referred to as "the appellees"). On appeal, Rutland maintains that she demonstrated good cause in her motion for extension of time to serve and served the appellees before the order was revoked; thus, the circuit court erred by dismissing her case. Additionally, she argues that the circuit court exhibited bias and prejudice toward her and should have recused. We dismiss the appeal for lack of jurisdiction.

I. *Background Facts*

On September 6, 2023, Rutland refiled a suit against the appellees that she voluntarily dismissed in 2022. Her complaint alleged medical malpractice related to dental treatment she received from separate appellee Todd C. Stewart between 2000 and January 21, 2020, as well as a breach-of-contract claim. On January 6, 2024, Rutland faxed the Phillips County Circuit Court clerk a motion for extension of time to serve the appellees—it was filed on the next business day, January 8. The circuit court granted the motion to extend on January 11.

The appellees filed a combined motion to set aside the order granting Rutland's motion for an extension of time for service and a motion to dismiss on January 24 arguing that service was not perfected within 120 days and, furthermore, that Rutland's motion requesting the extension was untimely and failed to demonstrate good cause. In response, Rutland maintained that her request for an extension was timely and made several assertions that she satisfied the need for a contemporaneous showing of good cause.

Rutland filed an amended complaint on March 22. Thereafter, she obtained service of the amended complaint on separate appellee Todd Stewart, D.D.S., P.A., on March 28, and on separate appellees Rock Dental Arkansas, PLLC, and Todd Stewart, individually, on April 3. Appellees filed motions to dismiss the amended complaint and argued that it did not cure Rutland's failure to serve them within 120 days or her failure to demonstrate good cause in the motion. Rutland responded, explaining that she "had given responsibility of serving Defendant[s] to a law firm" and was not notified until January 4 that the summons and complaint had not been served. She alleged that she made diligent efforts thereafter to

2

contact a process server; however, there was not enough time to serve the summons and original complaint.

On August 9, 2024, the circuit court held a hearing on appellees' combined motion to dismiss and to set aside the order granting Rutland's motion for extension. After hearing the arguments of both parties, the circuit court agreed that Rutland had failed to demonstrate good cause in her motion for extension of time to serve the appellees. Accordingly, because Rutland failed to properly serve the appellees within the 120-day window, the circuit court made its ruling from the bench revoking its prior order extending the time for service and dismissed the matter with prejudice.

The circuit court's written order dismissing the case with prejudice was filed on August 16. Rutland filed a motion to recuse Judge Chalk S. Mitchell and a request for a new hearing on the same day—approximately one hour before the dismissal order was filed. In Rutland's motion, she detailed the unsuccessful efforts to serve the appellees with the original complaint within 120 days. She also alleged that the circuit court was disrespectful toward her during the hearing, made negative comments to her, ignored the evidence, refused to allow her to defend herself regarding false statements made by opposing counsel, and exhibited bias and prejudice against her for appearing pro se. Accordingly, Rutland asserted that she was denied a fair trial and requested that the judge voluntarily recuse himself and that a new hearing be granted.

On August 26, Rutland filed a motion to reconsider the order of dismissal, a request for specific findings of fact and conclusions of law, and requested a new trial. Therein,

3

Rutland argued that reconsideration was necessary to avoid a manifest injustice due to (1) the prejudice and bias as asserted in her recusal motion; (2) the court's denial of her motion to reopen the case; and (3) the court's dismissal with prejudice despite the fact that she obtained proper service on the appellees before the extension was revoked. The circuit court never ruled on Rutland's postjudgment motions.

On October 23, 2024, Rutland filed a notice of appeal wherein she appealed the dismissal with prejudice. She did not appeal the deemed denial of her postjudgment motions. This appeal followed.

## II. *Points on Appeal*

Rutland argues that the circuit court erred (1) by not recusing when it showed clear bias and prejudice toward her and (2) when it revoked her motion for extension of time to serve the appellees after granting the extension for good cause and doing so after she had served the appellees in reliance on the order.

## III. *Discussion*

We must first examine our jurisdiction. Our supreme court has held that whether an appellant has filed a timely and effective notice of appeal is always an issue before an appellate court; absent an effective notice of appeal, we lack jurisdiction to consider the appeal and must dismiss it. *Worsham v. Day*, 2017 Ark. 192, 519 S.W.3d 699. Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil governs the content of a notice of appeal or cross-appeal. It provides that a notice of appeal shall:

(i) specify the party or parties taking the appeal;

(ii) designate the judgment, decree, order or part thereof appealed from;

(iii) designate the contents of the record on appeal;

(iv) state that the appellant has ordered the transcript, or specific portions thereof, if oral testimony or proceedings are designated, and has made any financial arrangements required by the court reporter pursuant to Ark. Code Ann. § 16-13-510(c);

(v) state whether the appeal is to the Court of Appeals or to the Supreme Court; and if to the Supreme Court, the appellant shall designate the applicable subdivision of Arkansas Supreme Court and Court of Appeals Rule 1-2(a), which gives the Supreme Court jurisdiction. This declaration shall be for the purpose of placing the case with one court or the other for preliminary administration. It shall not preclude the appellant from filing his or her brief pursuant to Arkansas Supreme Court and Court of Appeals Rules 4-3 and 4-4 in the alternative court if that later is determined by the appellant to be appropriate; and

(vi) state that the appealing party abandons any pending but unresolved claim. This abandonment shall operate as a dismissal with prejudice effective on the date that the otherwise final order or judgment appealed from was entered. An appealing party shall not be obligated to make this statement if the party is appealing an interlocutory order under Arkansas Rule of Appellate Procedure–Civil 2(a)(2) to (a)(13), Arkansas Rule of Appellate Procedure–Civil 2(c), or Arkansas Supreme Court and Court of Appeals Rule 6-9(a), or is appealing a partial judgment certified as final pursuant to Arkansas Rule of Civil Procedure 54(b).

Here, the notice of appeal specifies only the party taking the appeal and states that it is an appeal from the August 16 order dismissing the case with prejudice. However, the notice of appeal does not comply, or even attempt to comply, with the remaining subdivisions of the rule. While our appellate courts have required only substantial compliance with the procedural steps set forth in Rule 3(e), this court has also recognized that this standard has limits. Substantial compliance cannot be found when there has been a near complete disregard for the mandates of the rule. *See McMillan v. McMillan*, 2024 Ark.

App. 630, 703 S.W.3d 493. Recently, this court dismissed an appeal, finding that a "notice of appeal [that] does not state the specific contents of the record on appeal, that she ordered a transcript and made financial arrangements with the court reporter, or that she abandons any pending but unresolved claims" does not demonstrate substantial compliance. *Jackson-Rice v. Rice*, 2026 Ark. App. 84, at 3. Specifically, this court held that while "no case law has dealt with the exact combination of errors," the notice of appeal "shows a disregard for the Arkansas Rules of Appellate Procedure–Civil." *Id.* The same holds true here.

Furthermore, while Rutland advances several arguments on appeal that were raised for the first time in her posttrial motions, her notice of appeal does not reflect that an appeal has been taken from the deemed denial of those motions. A notice of appeal must state the order appealed from with specificity, and orders not mentioned in the notice of appeal are not properly before the appellate court. *See Rose Care, Inc. v. Ross*, 91 Ark. App. 187, 209 S.W.3d 393 (2005). The notice must be judged by what it recites and not what it was intended to recite. *City of Jacksonville v. Nixon*, 2014 Ark. App. 485, 442 S.W.3d 906. This court has held that if a notice of appeal does not mention the deemed denial of a new-trial motion or that an appeal is being taken from an order other than the original judgment, this court will not reach the issues that were solely raised in the new-trial motion. *See Rose Care, Inc., supra.*

Because the notice of appeal wholly fails to comply with the requirements of Rule 3(e), we find that Rutland's notice shows a near complete disregard for the Arkansas Rules of Appellate Procedure–Civil. Accordingly, we dismiss the appeal.

6

Dismissed.

MURPHY, J., agrees.

WOOD, J., concurs.

**WENDY SCHOLTENS WOOD, Judge, concurring.** In my view, Rutland's notice of appeal substantially complies with Arkansas Rule of Appellate Procedure–Civil 3(e) because it designated that Rutland was the party taking the appeal, stated that she was appealing to the court of appeals, and designated the August 16, 2024 order of dismissal with prejudice as the order appealed from. Moreover, the notice was timely filed. *See* Ark. R. App. P.–Civ. 4(b)(1) (2025). While the notice did not designate the contents of the record on appeal, state that Rutland had ordered the transcript and had made financial arrangements required by the court reporter, or abandon any pending but unresolved claims, appellees did not claim prejudice with regard to any of these deficiencies. *Rogers v. Tudor Ins. Co.*, 325 Ark. 226, 231, 925 S.W.2d 395, 397 (1996); *Jennings v. Architectural Prods., Inc.*, 2010 Ark. App. 413, 375 S.W.3d 685. However, this court's recent decision in *Jackson-Rice v. Rice*, 2026 Ark. App. 84, cited by the majority compels a different conclusion. Therefore, I concur.

*Bernice Rutland*, pro se appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Julia M. Hancock* and *Elizabeth W. Strickland*, for appellees.